LEONARDO GONZÁLEZ, Appellant, *v.* THE REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 1252. Submitted November 7, 1949.—Decided November 16, 1949.

*Rafael A. Saliva* for appellant. The Registrar appeared by brief.

MR. JUSTICE MARRERO delivered the opinion of the Court.

In the order approving a dominion title proceeding issued by the District Court of Mayagüez, it is stated, among other things, that the petitioner acquired eight-tenths of the property in question by purchase from María Elena Ramos and others, one-tenth by purchase from Osvaldo Vélez Méndez, and another one-tenth by purchase from Rita Aida Ortiz, and that all the persons from whom the petitioner purchased acquired the property by inheritance from Ramona Méndez, who died in Mayagüez in 1928. Upon presentation of a certified copy thereof in the registry, the Registrar refused to record the same "since it was observed that the payment or the exemption from payment of the inheritance tax at the death of the predecessor in interest Ramona Méndez, prior owner of the property, had not been established," and instead

entered a cautionary notice for the legal term.[1] From this refusal the interested party has appealed.

■ In·refusing the record sought on the ground set forth above, the Registrar of Property undoubtedly had in mind the provisions of § 12 of Act No. 99 of 1925 (Sess. Laws, p. 790), as amended by Act No. 303 of April 12, 1946 (Sess. Laws, p. 782, 806), and the decisions of this Court in *Mercado* v. *Registrar*, 68 P.R.R. 129, 135, and *Delgado* v. *Registrar*, 37 P.R.R. 465, 466, in which we held that an order approving a dominion title proceeding is not recordable when a title to an inheritance appears to be one of the links in the chain of titles, unless the payment of the inheritance tax is established by the heirs or it is shown that they were exempt from said obligation. In the light of the context of the Act and of the above decisions the Registrar of Property did not err in denying the record sought on the above-mentioned ground.

■■ The appellant also alleges that inasmuch as the document was presented in the registry on December 13, 1948, and the Registrar did not act in connection therewith until the following April 12th, it was an error on his part to deny the record, because as he had failed to enter his ruling within the period of 30 days (*sic*) prescribed by the Act, the Registrar was·in any event bound to make the record thereof. The petitioner is wrong. The Mortgage Law is silent as to when a Registrar should act upon presentation of a document for record and entry. However, Act No. 10 of March 1904 "Assigning Salaries to Registrars of Property" (Laws of 1904, p. 154, Revised Stat. of 1911, p. 415) provides in its § 25 that "The registrars of property shall dispatch all documents presented to them to be recorded or entered. . . in the shortest period of time possible, which period of time shall not exceed ten days . . . from the date of the presentation of

---

[1] See § 65 of the Mortgage Law as amended by Act No. 65 of May 9, 1936 (Sess. Laws, p. 340).

the documents . . . unless such documents . . . are so voluminous or require so much study that it is practically impossible to finish them within the time specified: *Provided, however*, That in no case shall this period of time exceed fifteen days." Neither this nor any other Act provides that when a document is presented in the registry of property for record or entry and the Registrar does not dispatch the same within the prescribed period, with or without justified cause for the delay, the document shall be in any case recorded, independently of the defects which it might contain. If the Registrar fails to act within the term granted to him, the Mortgage Law, in its subdivision 1, § 313, only makes him civilly liable for his idleness or carelessness, in the first place, on his bond, and, in the second place, with his property, for any loss or damage that he may cause.

 At the end of his petition the appellant urges that the property, the object of the dominion title proceeding, has only a value of $250, that said property is the only property which he owns and that if he is compelled to prosecute the proper declarations of heirship to be entitled to the record sought, he would incur in considerable expenses. The greater or lesser value of the property whose record is sought, the economic situation of its owner, and the expenses which the latter may incur to obtain the record are considerations which should never influence the Registrar in passing on the documents presented to him for record or entry. His main duty is to interpret and abide by the laws in accordance with his best knowledge and belief, but not to act based on sentimentalisms or personal considerations. Cf. *Roman Catholic Church, etc.* v. *Registrar*, 65 P.R.R. 567, 574, and *Rodríguez* v. *Registrar*, 62 P.R.R. 378, 382.

The decision of the Registrar will be affirmed.